UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| VERSO TECHNOLOGIES, INC., *et al.*, | ) | Jointly Administered Under |
| | ) | Case No. 08-67659-jb |
|     Debtors. | ) | |
| _____ | ) | JUDGE JOYCE BIHARY |

### DEBTORS' AMENDED APPLICATION TO EMPLOY
### GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL

On or about June 25, 2008, Verso Technologies, Inc., sentitO Networks, Inc., Telemate.Net Software, Inc., Verso Verilink, LLC and Verso Backhaul Solutions, Inc., debtors and debtors-in-possession in the above-styled jointly administered Chapter 11 cases (collectively, the "Debtors"), filed an Application to Employ Greenberg Traurig, LLP as Special Counsel (the "Application"). This Amended Application to Employ Greenberg Traurig, LLP as Special Counsel (the "Amended Application") amends and supersedes completely the original Application. By this Amended Application, the Debtors seek authority, pursuant to 11 U.S.C. §§ 105, 327(e), and 1107, to retain Greenberg Traurig, LLP ("Greenberg") as their special counsel. In support of this Application, the Debtors show the Court as follows:

### INTRODUCTION

1. On April 25, 2008 (the "Petition Date"), the Debtors each filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On April 30, 2008, this Court entered an order jointly administering these Chapter 11 cases. The Debtors are continuing in possession of their property and are operating and managing their businesses as debtors-in-possession, pursuant to §§ 1107 and 1108 of the

Bankruptcy Code. An Official Committee of Unsecured Creditors was appointed by notice dated May 2, 2008.

2.  The Debtors operate a global technology company providing next-generation communications network solutions to carriers, enterprises, governments and government-related entities. Verso Technologies, Inc. is a publicly traded company on the NASDAQ Capital Market which generates revenues from four operating co-Debtor subsidiaries: (i) sentitO Networks, Inc.; (ii) Telemate.Net Software, Inc.; (iii) Verso Backhaul Solutions, Inc.; and (iv) Verso Verilink, LLC. The Debtors manufacture, deliver and support these hardware, software and service solutions primarily to large wireline, cellular, wireless and satellite carriers.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.  By this Amended Application, the Debtors seek authority to retain Greenberg as special counsel to the Debtors for the discreet matters set forth herein. Specifically, the Debtors request authority to retain Greenberg to advise and represent the Debtors with respect to healthcare insurance and other issues regarding employee benefits and compensation, including prosecution of claims related to the cancellation of the Debtors' healthcare insurance, prosecution of a motion to pay certain pre-petition commissions that are due and owing to certain members of the Debtors' sales force and the wind down of the employee benefit plans. The Debtors believe that Greenberg possesses the breadth of resources and specialized expertise necessary to provide them with the legal representation that is required to complement the Debtors' bankruptcy counsel, Scroggins &

Williamson. These services will not be duplicative of the services provided by Scroggins & Williamson and the Debtors believe they can direct the work of their counsel to ensure that no duplication occurs.

5. Debtors advised Greenberg of its decision to retain the firm to represent it on the matters set forth herein on June 19, 2008. At the request of Debtors, due to the urgency of some of the matters, Greenberg started working on certain of the matters immediately. The Debtors seek approval of the Amended Application *nunc pro tunc* to June 19, 2008.

6. The Debtors selected Greenberg to provide these special counsel services for them in these Chapter 11 cases because Greenberg has considerable experience in matters of this nature and is well qualified to represent and assist the Debtors in performing their duties in these Chapter 11 cases.

7. To the best of the Debtors' knowledge, and as evidenced by the attached Affidavit of James R. Sacca in Support of the Amended Application of the Debtors to Employ Greenberg Traurig, LLP as Attorneys for the Debtors (the "Affidavit"), Greenberg does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which it is to be retained. The Debtors are not seeking authorization at this time to retain Greenberg for any purpose other than that set forth in paragraph 4 above. For purposes of further clarification, Greenberg will not assist the Debtors in any matters related to the sale of assets or the general administration of the Bankruptcy Case. Greenberg's connections with Debtors and their creditors are set forth in the Affidavit.

8. The terms of the employment of Greenberg agreed to by the Debtors, subject to the approval of the Court, provide generally that personnel within the firm will undertake this representation at their standard hourly rates. The present hourly rates for Greenberg personnel are

set forth in the Affidavit attached hereto.  The hourly rates of the Greenberg personnel are subject to periodic adjustments to reflect economic and other conditions.

WHEREFORE, the Debtors request that the Court approve its employment of Greenberg Traurig, LLP as special counsel for the Debtors in these Chapter 11 cases, for the discrete matters and under the terms specified herein, and that the Debtors have such other and further relief as is just and proper.

This 22nd day of July, 2008.

Respectfully submitted,

　　/s/ Ashley Reynolds Ray　　
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
Counsel for the Debtors

SCROGGINS & WILLIAMSON
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| **VERSO TECHNOLOGIES, INC.,** *et al.,*  ) | Jointly Administered Under |
| ) | Case No. 08-67659-jb |
| Debtors. ) | |
| _____) | JUDGE JOYCE BIHARY |

**AFFIDAVIT OF JAMES R. SACCA IN SUPPORT OF**
**DEBTORS' AMENDED APPLICATION TO EMPLOY**
**GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL**

STATE OF GEORGIA  )
COUNTY OF FULTON )

James R. Sacca, being duly sworn according to law upon his oath, deposes and states as follows:

1. I am a member of Greenberg Traurig, LLP (the "Firm" or "Greenberg"). Although the Firm has offices in more than 25 cities in the United States and other offices in foreign countries, the office out of which I practice is located at 3290 Northside Parkway, Suite 400, Atlanta, Georgia 30327.

2. I submit this affidavit in support of the application filed by the Debtors, requesting entry of an order pursuant to §§ 105, 327(e), and 1107 of Title 11, United States Code (the "Bankruptcy Code"), approving the employment of the Firm as special counsel for the Debtors in the Debtors' Chapter 11 cases. I submit this affidavit to provide the disclosure required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon the Firm's

**EXHIBIT "A"**

completion of further analysis or as additional creditor information becomes available to the Firm, a supplemental affidavit will be submitted to the Court reflecting the same.

3.  Subject to the disclosures contained in this Affidavit, to the best of my knowledge, neither I nor the firm represent any interest adverse to the Debtors, their creditors or their estates, and are disinterested persons as required by 11 U.S.C. § 327(e).

4.  Greenberg has more lawyers and offices in the United States than any other law firm. Because of this, it is not unusual for Greenberg to have represented or currently represent creditors and parties in interest in a bankruptcy case. To the best of my knowledge and information, Greenberg has no connection with the Debtors, their significant creditors, other parties in interest herein, their current respective professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not hold or represent any entity having an adverse interest in connection with the Debtors' cases, except as follows:

   a)  A shareholder in Greenberg's Chicago office, Sean W. Bezark, may be a material equity holder in an as yet to be formed acquisition company that is considering bidding on the assets of Debtor Telemate.Net Software, Inc. ("Telemate"). If this company determines that it will bid on the assets of Telemate, Greenberg will not represent the company in the purchase of Telemate and Greenberg will not represent the Debtors in the sale of the Telemate assets. Moreover, Greenberg will not be an equity investor in the company in which Mr. Bezark may be an equity holder.

   b)  A shareholder in Greenberg's Los Angeles office, Paul R. Glassman, Esq., has filed a Notice of Appearance on behalf of ViaSat, Inc. ("ViaSat"). ViaSat is a prospective purchaser of the Debtors' "backhaul" assets. Greenberg's representation of the Debtors will not involve the sale of the assets that ViaSat is interested in purchasing. John D. Elrod, an associate in Greenberg's Atlanta office, filed Mr. Glassman's Notice of Appearance. Mr. Elrod's involvement in the representation of ViaSat has been limited to his filing of the Notice of Appearance for Mr. Glassman and the review of sale and bidding procedures motions which have been filed of record with the Court in connection with these cases. In the event that Greenberg's Application is approved, no member of Greenberg's Atlanta office who will work on matters for the Debtors, including, without limitation, Mr. Elrod, will work on matters for ViaSat in this bankruptcy case, and no attorney or office involved in the representation of ViaSat will work on matters for the Debtors. Greenberg will take appropriate steps to create a screening mechanism between the attorneys who will

represent the Debtors as special counsel and those who will represent ViaSat in this bankruptcy case;

      c)    James R. Sacca, a shareholder in Greenberg's Atlanta office, and John D. Elrod represented SCS Fund, LP in its acquisition of the assets of Verilink Corporation in Verilink's 2006 bankruptcy case styled *In re Verilink Corporation,* U.S. Bankruptcy Court for the Northern District of Alabama, Case Nos. 06-80566 and 06-80567 and the contemporaneous transfer of those assets to the Debtors in consideration for, *inter alia*, SCS Fund acquiring stock in the Debtors. Pursuant to an agreement between SCS and Debtors, Debtors paid Greenberg's fees for the transaction, which were approximately $60,000. SCS Fund, LP is a current or former shareholder in Verso Technologies. Greenberg will not represent SCS Fund, LP in this bankruptcy case and has not represented SCS Fund, LP prior to or since that transaction. The last bill sent to SCS Fund, LP by Greenberg was in November 2006; and

      d) Greenberg has recently represented, or currently represents, the following unsecured creditors of the Debtors in matters unrelated to the Debtors: (1) Portside Growth and Opportunity Fund, (2) Cranshire Capital, (3) Zhone Technologies, (4) Tauber & Balser, (5) Rockmore Investment Master Fund, (6) Pentair Electronic Packaging, and (7) Thinkequity Partners. None of Greenberg's representations of the foregoing were related to the Debtors, nor will Greenberg represent the foregoing in connection with their claims against the Debtors or claims the Debtors may have against them.

Greenberg has disclosed the connections set forth in paragraphs (a) - (d) to Debtors and generally that a firm of its size will have represented some of the larger unsecured creditors of the Debtors.

    5.    In preparing this Affidavit, I submitted to Greenberg's computer conflict database the names of the following parties: (i) the Debtors; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis, and (iii) other parties in interest known to Greenberg. This database compared these names against a list of Greenberg's current and former clients. In addition, Greenberg has or will send a memorandum to all shareholders, counsel and associates advising of our representation of the Debtors in these proceedings and identifying the entities described above. Greenberg is still in the process of gathering and analyzing such information and will supplement the Affidavit to the extent necessary.

6. Greenberg maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system and adverse party index maintained by Greenberg is designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of Greenberg that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Greenberg.

7. To the best of my knowledge, the standard articulated by courts of the Eleventh Circuit regarding the appointment of counsel by a debtor has been met in these cases and, to the best of my knowledge, Greenberg represents no other entity having an adverse interest to the Debtors.

8. Greenberg is not an equity security holder or an insider of any of the Debtors.

9. Greenberg intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg. The Debtors understand that the hourly rates are subject to periodic adjustments to reflect economic and other conditions, usually on November 1 or January 1 of each year.

10. The hourly rates to be charged are at the Firm's standard hourly rates for work of this nature. These hourly rates range from $265 to $350 for associates to $400 to $600 per hour for

certain shareholders and a range of $165 to $195 per hour for legal assistants. The hourly rates of the attorneys who will primarily be working on this matter are James R. Sacca, $530, Eric Aronson, $525, Amanda Thompson, $350 and John D. Elrod, $295. These rates are set at a level designed to fairly compensate Greenberg for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Greenberg's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Greenberg will charge the estate for these expenses in a manner and at rates consistent with charges made generally to Greenberg's clients.

11. Other than as set forth above and as in the Application, there is no proposed arrangement to compensate Greenberg in connection with its representation of the Debtors.

12. Except for the continued representation of the Debtors and the representation of ViaSat detailed *supra*, neither I nor the Firm have or will represent any other entity in connection with this case. Neither I nor the Firm have or will accept any compensation from any other party in interest in this case other than compensation for services rendered to the Debtors and reimbursement of necessary expenses from the Debtors' estates upon appropriate application to the Court, with the exception of ViaSat, which will pay Greenberg only for the services provided to it.

13. By reason of the foregoing, I believe Greenberg is eligible for employment and retention by the Debtors as special counsel pursuant to Sections 327(e), 328 and 1107 of the Bankruptcy Code and the applicable Bankruptcy Rules.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JAMES R. SACCA

Sworn to and subscribed before
me this 22 day of July, 2008.

_Carmen L. Valentin_
Notary Public
[NOTARIAL SEAL]



## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the attached **DEBTORS' AMENDED APPLICATION TO EMPLOY GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL** by causing it to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to the persons on the attached Service List.

This 22nd day of July, 2008.

SCROGGINS & WILLIAMSON

/s/ Ashley Reynolds Ray
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
Counsel for the Debtors

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880

## SERVICE LIST

Office of the United States Trustee
362 Richard Russell Federal Building
75 Spring Street, S.W.
Atlanta, GA 30303

John H. Drucker
Cole, Schotz, Meisel, Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022 4728

Gary W. Marsh
McKenna Long & Aldridge LLP
303 Peachtree Street NE, Suite 5300
Atlanta, GA 30308

Glen Rubin, Esq.
Lisa Caplan, Esq.
Adorno & Yoss, LLC
1349 West Peachtree Street, NE
Suite 1500
Atlanta, GA  30309

Shawn Christianson, Esq.
Monique Jewett-Brewster, Esq.
Buchalter Nemer, PC
333 Market Street, 25th Floor
San Francisco, CA  94105

Darryl S. Laddin
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA   30363-1031

Adam H. Friedman
Olshan Grundman Frome Rosenzweig
& Wolosky, LLP
Park Avenue Tower
65 East 55th Street
New York, New York   10022